IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
Oxford DIVISION

**JEFFREY SCOTT FLACK**     **PLAINTIFF**

**v.**     **No. 3:13CV82-M-V**

**WARDEN OUTLAW, ET AL.**     **DEFENDANTS**

### REPORT AND RECOMMENDATION

On June 17, 2013, plaintiff Jeffrey Scott Flack, an inmate in the custody of the Mississippi State Penitentiary with inmate number K4153, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

### Allegations

On December 20, 2012, Jeffrey Flack, who was housed at the Marshall County Correctional Facility, was in administrative segregation on protective custody because he had an ongoing dispute with the Gangster Disciples. There was a written notice on his door that he was not to be put in contact with inmates affiliated with the Gangster Disciples. Nonetheless, two Gangster Disciples were housed in the same segregation unit as Flack. Officer Bowens and Lt. Jane Doe took Flack outside for recreation, where he encountered the two Gangster Disciples, E.

---

[1] 28 U.S.C. § 1915(g).

Henley and Joseph Duncan. Once their restraints were removed, they immediately attacked Flack, beating him, kicking him, and cutting his head with razor blades. He was taken to medical, then rushed to the Baptist DeSoto Hospital emergency room, where he was treated for shock and his injuries: cuts on his head and bruises on his abdomen. The cuts were repaired with adhesive strips.

Upon release from the hospital, he was put right back in the cell next to Henley and Duncan, who repeatedly threatened him. He asked over and over to Red Tag the inmates so they would not be housed near him, but no one would initiate the process. One time, he went outside for recreation and noticed that the security camera was pointing up at the sky, not down where officers could monitor the inmates outside. At this point he believed that the guards were helping the Ganster Disciples get to him again. He was scared, so he had free world people, including a state representative, call the facility to ask that he be moved. The jail personnel told the representative that Flack had been moved, but he had not. He sought psychiatric treatment for the stress brought on by being housed so close to the inmates who had injured him; their constant threats weighed on him. The officers who put Flack on the exercise yard with his attackers were reprimanded. Flack was never put on the yard with Ganster Disciples again, but Henley and Duncan never were red-tagged. Flack was moved to the Mississippi State Penitentiary on January 11, 2013 – over three weeks after he was attacked.

## Failure to Protect

This case presents the court with a claim that the defendants failed to protect him from the attack of other inmates. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference is the standard to apply in failure to protect cases. *Grabowski*

*v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). The plaintiff meets the deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

As to all the defendants except Lt. Jane Doe and A. Bowens, Flack has not alleged that the defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary if the plaintiff is to state a claim cognizable under § 1983. *Id.* at 826 (citation omitted). Flack's only claim against these defendants – other than the two who put him on the yard with his attackers – is that they would not Red Tag the gang members after the attack and keep them in a separate unit from Flack. He was not, however, attacked. This set of facts, as to Warden Outlaw, Chief of Security Porter, Sgt. John Doe, Case Mgr. Supervisor McMullen, Investigator Gurly, Sgt. Jones, and E.L. Sparkman, does not meet the standard for deliberate indifference, and the plaintiff's allegations against these defendants should be dismissed.

The plaintiff's claims against Officer A. Bowens and Lt. Jane Doe for failure to protect will, however, proceed.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 28th day of June, 2013.

/s/  Jane M. Virden
UNITED STATES MAGISTRATE JUDGE